IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-383-D

| | |
|---|---|
| WILLIE D. GILBERT, II, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE NORTH CAROLINA STATE BAR, )<br>and A. ROOT EDMONSON, )<br>)<br>Defendants. ) | **ORDER** |

On November 4, 2009, Willie D. Gilbert, II, ("plaintiff" or "Gilbert") filed an emergency motion for an injunction pending appeal [D.E. 21, 22] and a supporting memorandum of law [D.E. 22]. Plaintiff asks the court:

> to enjoin the North Carolina State Bar (and any agency, board, committee, commission, officer, agent, servant, or employee acting, or purporting to act, on behalf or in the name of the North Carolina State Bar), pending Plaintiff's appeal of the Court's September 14, 2009 Order, from prosecuting or proceeding further with the prosecution of the attorney disciplinary proceeding known as The North Carolina State Bar v. Gilbert, Case No. 03 DHC 16 ("Gilbert III"). In the alternative, Plaintiff moves the Court to enjoin the North Carolina State Bar from prosecuting or proceeding further with the prosecution of Gilbert III pending a determination by the United States Court of Appeals for the Fourth Circuit of whether to grant the Plaintiff an injunction of the kind herein requested pending Plaintiff's appeal.

Pl.'s Emerg. Mot. for an Inj. Pending Appeal 1.

The court is very familiar with this case. On September 14, 2009, the court entered a detailed order explaining its decision to abstain as to certain claims, stay the action as to certain claims, and deny Gilbert's motion for a temporary restraining order and preliminary injunction. See Gilbert v. N.C. State Bar, __ F. Supp. 2d __, 2009 WL 3186826 (E.D.N.C. Sept. 14, 2009). As for the attorney disciplinary proceeding against Gilbert, on September 30, 2009, Gilbert received notice from the North Carolina State Bar that the Disciplinary Hearing Commission would hear all pre-

hearing motions on November 6, 2009, and begin the hearing on the merits concerning Gilbert and the North Carolina State Bar on November 11, 2009 [D.E. 22]. Plaintiff filed his notice of appeal from this court's order on October 14, 2009 [D.E.16]. On November 4, 2009, plaintiff filed his "emergency motion" in this court [D.E. 21, 22].

Plaintiff offers no explanation for his delay in moving for an injunction pending appeal. Notwithstanding plaintiff's dilatory motion, the court has reviewed the motion and the memorandum. Plaintiff has not met the standard necessary for an injunction pending appeal or an injunction pending the Fourth Circuit's decision on his request for an injunction pending appeal. See, e.g., Fed. R. Civ. P. 62(c); Hilton v. Braunskill, 481 U.S. 770, 776 (1987); cf. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374–76 (2008); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 345–47 (4th Cir. 2009). Plaintiff has failed to make the requisite showing concerning his likelihood of success on appeal. Further, plaintiff will not be irreparably harmed absent the injunction, the injunction will substantially injure the North Carolina State Bar, and the requested injunction is not in the public interest. Plaintiff's emergency motion for an injunction pending appeal [D.E. 21, 22] is DENIED.

SO ORDERED. This 9 day of November 2009.

JAMES C. DEVER III
United States District Judge

2